IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE SICA, | ) | |
| ID # 60372-018, | ) | |
|     Movant, | ) | No. 3:18-CV-890-N (BH) |
| vs. | ) | No. 3:16-CR-078-N (3) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** as barred by the statute of limitations.

**I.  BACKGROUND**

Julie Sica ("Movant") pleaded guilty to conspiracy to distribute a controlled substance and using a communication facility to facilitate a drug felony. (*See* 3:16-CR-078-N (3), doc. 128.)[1] The Court sentenced her to 108 months' imprisonment, with a 2-year term of supervised release, to be served concurrently with her sentence in No. 3:13-CR-278-D (2). (*See* doc. 128.) Judgment was entered on March 3, 2017, and she did not appeal. (*See* doc. 128.) Her § 2255 motion was received on April 10, 2018. (*See* 3:18-CV-890-N, doc. 2.)

**II.  STATUTE OF LIMITATIONS**

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

---

[1] Unless otherwise indicated, all subsequent document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-078-N (3 ).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege any facts that could trigger a starting date under §§ 2255(f)(2)-(4), so her limitations period began to run when her judgment of conviction became final. *See* § 2255(f)(1). Her conviction became final on March 17, 2017, the date on which her time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, her conviction becomes final when her time to do so expires). The one-year limitations period expired in March 2018, so Movant's § 2255 motion is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v.*

2

*United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Furthermore, the movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents several arguments in an effort to warrant equitable tolling (*see* 3:18-CV-890-N, doc. 7 at 11), but she has shown no rare or exceptional circumstance that would warrant such extraordinary relief.  Movant's status as a *pro se* litigant, and her limited knowledge of the law, do not entitle her to equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, a lack of knowledge of filing deadlines, a prisoner's pro se status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations).  She has also not shown that her health problems prevented her from timely pursuing her post-conviction claims.

Movant also claims that she instructed her counsel to file a direct appeal "about a year" after

she was sentenced, when she "realized that she could have appealed in spite of the waiver" in her plea agreement. (*See* 3:18-CV-890-N, doc. 7 at 9.) Movant does not explain why her instruction to her counsel to file a direct appeal–which she sent approximately a year too late–inhibited her from diligently pursuing her post-conviction remedies. Movant could have also filed a § 2255 motion, and she fails to explain why she waited until thirteen months after her conviction became final to do so. *See, e.g.*, *Manning v. Epps*, 688 F.3d 177, 186 (5th Cir. 2012) (holding that a prisoner did not diligently pursue his post-conviction rights when he "did nothing for more than nineteen months after his conviction became final.").

Finally, Movant claims that the costs of "certain documents," and the fact that she could only access her Presentence Report (PSR) under the supervision of prison staff, prevented her from filing her motion earlier. (*See* 3:18-CV-890-N, doc. 7 at 10-11.) She does not identify a single document that she could not access, however, or explain why review of such a record was integral to her § 2255 claims. None of Movant's § 2255 claims relies on any court record from her criminal proceeding; instead, she claims that her counsel was ineffective for what he failed to do. (*See* 3:18-CV-890-N, doc. 7 at 4 (arguing that she wanted to proceed to trial because she was innocent); *id.* at 6 (faulting counsel for failing to argue her "medical condition"); *id.* at 7 (claiming that counsel should have spoken to the government about her substantial assistance); *id.* at 8 (faulting counsel for failing "to argue analogue law"); *id.* ("[Counsel] did not explain that [Movant] could have appealed her case even though [Movant] signed the plea agreement.").) Movant has not shown that her inability to pay for "certain documents" prevented her from timely filing this § 2255 motion. Moreover, her § 2255 motion makes clear that she had access to her PSR before her statute of limitations expired. (*See* 3:18-CV-890-N, doc. 7 at 11 (describing how she has sat and copied her

PSR verbatim).)  In sum, Movant has not met her burden to establish circumstances warranting equitable tolling, and her motion to vacate should be denied as untimely.

### III.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 16th day of May, 2018.**

                                            _____
                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                            _____
                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE